IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY NEAL                                                                                    PLAINTIFF

V.                                                                     CAUSE NO.: 4:12CV10-SA-JMV

LEFLORE COUNTY BOARD OF SUPERVISORS;
WILLIE J. PERKINS, SR., INDIVIDUALLY
AND IN HIS FORMER OFFICIAL CAPACITY;
SAM ABRAHAM, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; and ROBERT E. MOORE,
INDIVIDUALLY AND IN HIS FORMER OFFICIAL
CAPACITY AND IN HIS OFFICIAL CAPACITY                              DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed this action in January of 2012 alleging that Defendants violated his civil and constitutional rights, as well as committed state law torts. Defendants seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), the applicable statutes of limitations, various immunities under state and federal law, and Pullman abstention. Because Plaintiff has failed to timely bring his claims and has failed to state a claim for which relief can be granted, the Defendants' Motion to Dismiss [11] is GRANTED.

*Factual and Procedural Background*

Plaintiff Larry Neal was a Justice Court Judge in Leflore County until March of 2005, at which time he resigned his position. While he was a sitting Justice Court Judge, Neal applied for and was awarded a $157,880.00 federal grant from the Mid Delta Empowerment Zone Alliance ("MDEZA") in Itta Bena, Mississippi on November 17, 1997. Plaintiff planned to operate a dry cleaning business in Itta Bena with the proceeds from the grant. In order to disburse the proceeds, MDEZA required the County to "sponsor" the grant, thus resulting in a contract between the grantee and the County. The Leflore County Board of Supervisors had its Board

Attorney, Willie Perkins, check with the Mississippi Ethics Commission to determine whether the County could contract with a Justice Court Judge and not violate the Mississippi Constitution. While the Mississippi Ethics Commission determined that it did not violate the Constitution, Perkins personally opined that he felt the contract would violate the Mississippi Code, specifically Section 25-4-105(3)(a) which prohibits a public servant from being a "contractor, subcontractor or vendor with the governmental entity of which he is a member, officer, employee or agent . . . or have a material financial interest in any business which is a contractor, subcontractor or vendor with the governmental entity of which he is a member, officer, employee or agent." That opinion letter was sent on December 11, 2000, to Sam Abraham, the Clerk of the Leflore County Board of Supervisors, as well as the individual Supervisors and Larry Neal.

Plaintiff asserts that Defendants engaged in a "malicious conspiracy that violated Plaintiff, Larry Neal's, a Vietnam Veteran, civil rights that's clearly established by Federal law continuously from 1997 to present date, by race and by the illegal use practice of nepotism, cronyism, and favoritism in selecting who the Leflore County Board of Supervisors administer[ed] Federal grants for in Leflore County, Mississippi." Relevant to this claim is Plaintiff's contention that Lee Abraham, the white brother of Sam Abraham, received his grant money from the MDEZA through Leflore County, while that same Board refused to sponsor his funds.

Plaintiff also asserts a Section 1981 race discrimination claim in employment practices stemming from a disagreement between himself and the Leflore County Board of Supervisors as to the amount of money owed to Neal for his last month as a Justice Court Judge. This matter is currently being litigated in the Leflore County Circuit Court. Nevertheless, Plaintiff contends

Defendants discriminated against him based on his race, retaliated against him for exercising his First Amendment right to seek public office, and inflicted emotional distress by their actions.

Defendants seek dismissal of this action under a number of legal theories.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. 1937 (quoting FED. R. CIV. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

*Discussion and Analysis*

Plaintiff's claims can be broken down into two distinct causes of action: (1) the March 2005 salary dispute; and (2) the MDEZA loan administration.

A. <u>March 2005 Salary Dispute</u>

Defendants request that the Court abstain from deciding the salary dispute issue as pled by the Plaintiff pursuant to the <u>Pullman</u> doctrine. Under that doctrine, a federal court should abstain from exercising its jurisdiction "when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 236, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and 'needless friction with state policies . . . .'" <u>Id.</u> at 236, 104 S. Ct. 2321. In other words, for <u>Pullman</u> abstention to be appropriate in this case, it must involve (1) a federal constitutional challenge to state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for the court to rule on the federal constitutional question.

The Court finds it unnecessary to determine whether <u>Pullman</u> abstention applies to the salary dispute in this case as another court has already adjudicated this issue. Collateral estoppel, or issue preclusion, precludes relitigation of issues actually adjudicated and essential to the judgment in prior litigation involving a party to the first case. <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). "When a federal court sitting in diversity is considering the collateral estoppel effect of a prior . . . judgment, Courts in the Fifth Circuit apply federal common law." <u>Walker v. Kerr-McGee Chem. Corp.</u>, 793 F. Supp. 688, 697 (N.D. Miss. 1992). The doctrine of collateral estoppel effectively establishes questions of law or fact that are subject of a final judgment for purposes of a later lawsuit where the following elements are present: (1) a

party is seeking to relitigate a specific issue; (2) the issue has been litigated in a prior suit; (3) the issue was actually determined in the prior suit; and (4) the determination of the issue was essential to the judgment. Walker, 793 F. Supp. at 694-95.

Neither party contests that the salary dispute at issue here has been adjudicated by the Leflore County Justice Court in 2005, and has since been appealed to the Leflore County Circuit Court. Accordingly, the parties are seeking to relitigate the issue of Plaintiff's wages due for his March 2005 execution of Justice Court Judge duties, that issue has been litigated in a prior suit, a determination was made in the prior suit which is essential to the judgment. Accordingly, the parties are collaterally estopped from relitigating Plaintiff's salary dispute matter. Those claims are dismissed.

    B. MDEZA Loan Administration

        *a. Statute of Limitations*

Initially, the Court notes that Plaintiff's asserted claims regarding the MDEZA loan administration are barred by the applicable statutes of limitations. In particular, Plaintiff's allegations raise claims under the following statutory provisions: 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1996. Plaintiff additionally contends he has state law claims such as intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and breach of the covenant of good faith and fair dealing.

Sections 1981, 1983, and 1985 do not specifically include a statute of limitations. However, Congress has passed a "catchall" four year statute of limitations that applies to Section 1981 claims. See 28 U.S.C. § 1658(a) (instituting a four year statute of limitations for all causes of action arising under an Act of Congress enacted after December 1, 1990). Section 1986 specifically includes a one-year statute of limitations for causes brought under that provision. 42

5

U.S.C. § 1986. For the remaining federal statutory law claims, federal courts generally apply the state law statute of limitations that would govern the analogous state law causes of action. See Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987). Under federal law, the statute of limitations under Sections 1983 and 1985 begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987). Because no specified federal statute of limitations exists for Section 1983 or 1985 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, see Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989), which in Mississippi is three years, MISS. CODE ANN. § 15-1-49. Edmonds v. Oktibbeha County, 675 F.3d 911, 916 (5th Cir. 2012); Helton, 832 F.2d at 334 (analogizing civil rights actions brought under Section 1983, 1985, and 1988 to state law tort actions).

Plaintiff was notified that his grant application was accepted and his grant awarded in 1997. Plaintiff acknowledges that for three years after notification of the availability of the grant money, he "begged and pleaded with the Defendants" to administer the grant. Larry Neal was provided a copy of the Board Attorney's determination that administering the loan would violate state statutes in December of 2000. Even considering the broadest statute of limitation, the four year limitation found in 42 U.S.C. § 1981, Plaintiff has failed to file his claims regarding the dispensation of federal grant money by many years. Accordingly, all federal statutory claims are untimely and dismissed. Likewise, all state law claims of the personal injury/tort variety brought pursuant to the federal grant issue are untimely pursuant to Mississippi Code Section 15-1-49.

### b. Failure to State a Claim

The Court additionally finds that even if Plaintiff's claims were not barred by the statute of limitations or collateral estoppel, he could not overcome a Rule 12(b)(6) analysis. Plaintiff alleges that the Leflore County Board of Supervisors discriminated against administering his federal grant based on his race. He contends that even though the Leflore County Board of Supervisors was a majority African American board, and the Board Attorney, Willie Perkins, was African American, that solely because the Board disbursed MDEZA funds to a white person, Sam Abraham's brother, he was discriminated against because he was black. The allegations are completely conclusory that Defendants were engaged in a "malicious conspiracy" as there are no factual allegations regarding an agreement among the Defendants. Further, Plaintiff has failed to allege plausible facts that the Leflore County Board of Supervisors denied sponsoring his MDEZA grant because of his race or for any improper purpose. Therefore, the Court finds that Plaintiff's claims, even if timely, would be due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Conclusion

Plaintiff is collaterally estopped from relitigating the salary dispute that has been adjudicated in the Leflore County Justice Court. Moreover, Plaintiff's claims regarding the MDEZA grant are untimely. Even if the Court miscalculated or misconstrued the applicable statutes of limitations, however, the Court finds that the Plaintiff has failed to show that, on the facts alleged, he would be entitled to relief. Defendants' Motion to Dismiss [11] is GRANTED and Plaintiff's case is DISMISSED. All other pending motions are TERMINATED.

SO ORDERED, this the 10th day of September, 2013.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**